# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT COLON, | CASE NO. 1:07-cv-00932-AWI-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN |
| v. | CLAIMS AND DEFENDANTS |
| DR. ST. CLAIR, et al., | (Doc. 13) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.  Screening Requirement**

Plaintiff Gilbert Colon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 28, 2007. The Court dismissed the complaint on April 4, 2008, for failure to state any claims under section 1983, and then granted Plaintiff's motion for extension of time to file an amended complaint on April 23, 2008. Plaintiff filed his amended complaint on June 5, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to this action. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

### A. Summary of Complaint

Plaintiff is a state prisoner who is currently housed at Centinela State Prison in Imperial, California. The alleged incidents in the complaint took place while Plaintiff was housed at Sierra Conservation Center in Jamestown. Plaintiff alleges an Eighth Amendment violation for inadequate medical care, and seeks damages and injunctive relief from Defendants Dr. Peterson, Dr. St. Clair, Dr. Thomatos, Dr. Witwer, Dr. Greenbough, Dr. Sydenstricker, other medical staff at Sierra Conservation Camp, Dr. Stogsdill, Correctional Officer D.L. Porter, and N. Grannis, Chief Inmate Appeals Branch Officer.

The basis for Plaintiff's medical claim is Defendants' failure to adequate test, diagnose, and treat his medical issues, including the failure to treat the severe neck, shoulder, arm, and back pain he was experiencing as a result of his condition. Plaintiff alleges that he is currently receiving morphine and methadone for the pain stemming from his medical condition, and that Defendants should have taken steps to provide him with adequate pain relief while he was at the Sierra Conservation Center.

**B.  Eighth Amendment: Inadequate Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)).

Plaintiff's mere disagreement with the diagnoses and courses of treatment chosen by his physicians will not support an Eighth Amendment claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). However, a *complete* denial of medical care is not required to show deliberate indifference, Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000) (emphasis added), and at the pleading stage, Plaintiff has sufficiently alleged that he was in severe, chronic pain, but Defendants Peterson, Thomatos, Witwer, Greenbough, and Sydenstricker, all of whom were physicians who examined and treated him, failed to address his medical needs, leaving him to suffer, Fed. R. Civ. P. 8(a); Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008).

Defendants Porter, Grannis, and Stogsdill were involved in reviewing and issuing decisions on Plaintiff's inmate appeal relating to his medical needs. Plaintiff's disagreement with their decisions in resolving his inmate appeal does not provide any basis for the imposition of liability under section 1983. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Buckley v.

Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Plaintiff was previously notified of this deficiency, but failed to cure it. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The Court therefore recommends dismissal of the claims against Defendants Porter, Grannis, and Stogsdill.

### C. Claims Against Defendant St. Clair

Plaintiff names Dr. St. Clair, Chief Medical Officer at Sierra Conservation Center, as a defendant. Under section 1983, Plaintiff is required to show that Defendant (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff fails to allege any facts linking Defendant St. Clair to a violation of his constitutional rights. Defendant's position as Chief Medical Officer is an insufficient basis upon which to impose liability, id., and Plaintiff's complaint does not set forth any facts demonstrating that Defendant St. Clair examined or treated Plaintiff, or otherwise affirmatively acted to deprive Plaintiff of medical care. Accordingly, Plaintiff fails to state a claim against Defendant St. Clair. Plaintiff was previously given notice of this deficiency but failed to cure it. Noll, 809 F.2d at 1448-49. Accordingly, the Court recommends dismissal of the claim against Defendant St. Clair.

### D. Claim for Injunctive Relief

In addition to damages, Plaintiff seeks an injunction mandating medical examination and treatment by an outside provider. When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th

Cir. 1991). Because Plaintiff is no longer housed at the Sierra Conservation Center, the Court recommends dismissal of his claim for injunctive relief.

**III.     Conclusion and Recommendation**

For the reasons set forth herein, the Court HEREBY RECOMMENDS that:

1. This action proceed as one for damages on Plaintiff's amended complaint, filed June 5, 2008, against Defendants Peterson, Thomatos, Witwer, Greenbough, and Sydenstricker for violation of the Eighth Amendment;

2. Plaintiff's claims against Defendants Porter, Grannis, Stogsdill, and St. Clair be dismissed, with prejudice, for failure to state a claim;

3. Defendants Porter, Grannis, Stogsdill, and St. Clair be dismissed from this action; and

4. Plaintiff's claim for injunctive relief be dismissed as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     March 31, 2009**                           /s/ **Gary S. Austin**
                                                                                  UNITED STATES MAGISTRATE JUDGE