IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GILBERT COLON,

Plaintiff,

vs.

DR. ST. CLAIR, et al.,

Defendants.

_______________________________/

1:07-cv-00932-AWI-SMS-PC

ORDER DENYING REQUEST BY UNITED STATES MARSHAL FOR REIMBURSEMENT OF COSTS BY DEFENDANT GREENOUGH[1]

(Doc. 32.)

## I. BACKGROUND

Plaintiff, Gilbert Colon ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on Plaintiff's Amended Complaint filed on June 5, 2008, against defendants Sydenstricker, Greenough, Peterson, Thomatos, and Witwer, for inadequate medical care in violation of the Eighth Amendment.[2] (Doc. 13.)

On June 24, 2009, and March 16, 2010, the Court issued orders directing the United States Marshal to initiate service of process upon defendants in this action. (Docs. 21, 33, 34.) On February 8, 2010, the Marshal filed a return of service executed as to Defendant Greenough and a request for a

[1] Plaintiff named Defendant Dr. Greenbough in the complaint. (Doc. 13.) Corcoran State Prison refers to this defendant as Dr. William Greenough. (Doc. 41 at 3.) The Court uses the spelling Greenough herein to identify this defendant.

[2] All other claims and defendants were dismissed from this action by the Court on May 27, 2009. (Doc. 16.)

court order requiring Defendant Greenough to reimburse the costs incurred by the Marshal for personal service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. (Doc. 32.) Defendant Greenough has not filed an opposition to the Marshal's request for reimbursement.

**II. DISCUSSION**

Rule 4(d)(2) of the Federal Rules of Civil Procedure provides in part:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .
>
> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed.R.Civ.P. 4(d)(2).

The Marshal requests the Court to impose costs on Defendant Greenough for his failure to avoid unnecessary costs. On February 8, 2010, the Marshal filed a USM-285 form indicating that a Waiver of Service form was mailed to Defendant Greenough on July 31, 2009, and no response was received. (Doc. 32.) Personal service was executed upon Defendant Greenough on January 27, 2010, with costs of $638.00. Id.

In light of further information received by the Court from the Marshals Service, the Marshal's request for reimbursement must be denied. On May 18, 2010, the Marshal filed a return of service unexecuted as to Defendant Greenough, with notice that the prior personal service, via CSP, was not perfected, and Defendant Greenough is deceased. (Doc. 41.) Inasmuch as the personal service upon Defendant Greenough was unexecuted, and it appears that Defendant Greenough is deceased, the Court must deny the Marshal's request for reimbursement.

**III. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Marshal's request for reimbursement for costs of personal service upon Defendant Greenough, filed on February 8, 2010, is DENIED; and

///

///

///

2. The Clerk is DIRECTED to serve a copy of this order on the United States Marshal, Sacramento, California.

IT IS SO ORDERED.

**Dated:** **September 13, 2010**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE