# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT F. COLON, | 1:07-cv-00932-AWI-GSA-PC |
| Plaintiff, | ORDER FOR CLERK TO WITHDRAW ENTRY OF DEFAULT AGAINST DEFENDANT GREENOUGH |
| v. | (Doc. 40.) |
| DR. ST. CLAIR, et al., | |
| | ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT GREENOUGH SHOULD NOT BE DISMISSED FROM THIS ACTION |
| Defendants. | (Docs. 32, 41.) |
| | THIRTY DAY DEADLINE |

## I. BACKGROUND

Gilbert F. Colon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on June 28, 2007. (Doc. 1.) This action now proceeds on Plaintiff's Amended Complaint filed on June 5, 2008, against defendants Sydenstricker, Greenough,[1] Peterson, Thomatos, and Witwer, for inadequate medical care in violation of the Eighth Amendment.[2] (Doc. 13.)

---

[1] Plaintiff named defendant Dr. Greenbough in the complaint. (Doc. 13.) Corcoran State Prison refers to this defendant as Dr. William Greenough. (Doc. 41 at 3.) The court uses the spelling Greenough herein to identify this defendant.

[2] All other claims and defendants were dismissed from this action by the Court on May 27, 2009. (Doc. 16.)

1

## II. DEFENDANT GREENOUGH - SERVICE AND ENTRY OF DEFAULT

On June 24, 2009, and March 16, 2010, the court issued orders directing the United States Marshal to initiate service of process upon defendants in this action. (Docs. 21, 33, 34.) All of the defendants were successfully served except defendants Peterson and Greenough.

On February 8, 2010, the Marshal filed a return of service executed as to defendant Greenough ("Greenough"), via personal service accepted by a staff member at Corcoran State Prison ("CSP") on January 27, 2010.[3] (Doc. 32.) Greenough did not file an answer or a Rule 12 motion within the twenty-day deadline, and on March 17, 2010, the court issued an order requiring Greenough to show cause within thirty days why default should not be entered against him. (Doc. 36.) Greenough did not timely respond to the order to show cause, and on May 14, 2010, upon the court's order, the Clerk entered default against Greenough. (Docs. 39, 40.)

There is no evidence on the court's record that Greenough was ever served with the court's order to show cause or the Clerk's entry of default against him. (Court Docket.) Thus, Greenough had no opportunity to oppose the entry of default against him. Moreover, as discussed next, the personal service upon Greenough was not perfected. For these reasons, the Clerk shall be directed to withdraw the entry of default against Greenough.

On May 18, 2010, the Marshal filed a return of service unexecuted as to Greenough, with notice that the prior personal service, via CSP, was not perfected, and Defendant, Dr. William Greenough, was deceased. (Doc. 41.)

In light of the foregoing, Plaintiff shall be ordered to show cause why Defendant Greenough should not be dismissed from this case.

## III. CONCLUSION

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk is directed to withdraw the entry of default against Defendant Greenough, filed on May 14, 2010;

---

[3] The return of service indicates that personal service was first attempted upon Defendant Greenough on 01/26/10 at Sierra Conservation Center but was refused by the Litigation Coordinator who gave a new address of Corcoran State Prison. (Doc. 41 at 1.) Service was accepted on Greenough's behalf by a staff member at Corcoran State Prison on 01/27/10. Id.

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Greenough should not be dismissed from this action;

3. The failure to show cause will result in the dismissal of Defendant Greenough from this action; and

4. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   September 13, 2010                   /s/ Gary S. Austin
                                              UNITED STATES MAGISTRATE JUDGE