# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT F. COLON, | 1:07-cv-00932-AWI-GSA-PC |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE |
| v. | (Doc. 48.) |
| DR. ST. CLAIR, et al., | ORDER FOR PLAINTIFF TO FILE MOTION FOR SUBSTITUTION PURSUANT TO RULE 25(a)(1) WITHIN THIRTY DAYS, OR DEFENDANT GREENOUGH SHALL BE DISMISSED FROM THIS ACTION |
| Defendants. | |
| | THIRTY DAY DEADLINE |

## I.   BACKGROUND

Gilbert F. Colon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on June 28, 2007. (Doc. 1.) This action now proceeds on Plaintiff's Amended Complaint filed on June 5, 2008, against defendants Sydenstricker, Greenough,[1] Peterson, Thomatos, and Witwer, for inadequate medical care in violation of the Eighth Amendment.[2] (Doc. 13.)

On September 13, 2010, the Court issued an order requiring Plaintiff to show cause why defendant Greenough ("Defendant") should not be dismissed from this action, due to notice that

---

[1] Plaintiff named defendant Dr. Greenbough in the complaint. (Doc. 13.) Corcoran State Prison, where defendant Greenough was employed, refers to him as Dr. William Greenough. (Doc. 41 at 3.) The Court uses the spelling Greenough herein to identify this defendant.

[2] All other claims and defendants were dismissed from this action by the Court on May 27, 2009. (Doc. 16.)

1

Defendant is deceased.[3]  (Doc. 48.)  On October 1, 2010, Plaintiff filed a response to the Court's order.  (Doc.49.)

## II.     PLAINTIFF'S RESPONSE

In Plaintiff's response, he argues that Defendant Greenough should not be dismissed from this action, because Defendant's employer, the California Department of Corrections and Rehabilitation ("CDCR"), and/or Defendant's heirs, are now liable for the inadequate medical care Plaintiff alleges he received from Defendant.  Plaintiff does not dispute that Defendant Greenough is deceased.

## III.    DISCUSSION

### A.    CDCR

Plaintiff may not hold the CDCR liable for Defendant Greenough's actions.  Government officials may not be held liable under § 1983 for unconstitutional conduct of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009).  "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Id.  In a § 1983 suit or a Bivens action-where masters do not answer for the torts of their servants-the term "supervisory liability" is a misnomer.  Id. at 1949.  Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.  Id.  Therefore, the CDCR is not liable for Defendant Greenough's alleged conduct in denying Plaintiff adequate medical care.

### B.    Defendant Greenough's Heirs

Plaintiff argues that Defendant Greenough's heirs should be substituted in place of Defendant.  However, Plaintiff has not made a motion for substitution in compliance with Rule 25(a)(1).

///

---

[3]On May 18, 2010, the United States Marshal filed a return of service unexecuted as to Defendant Greenough, with notice that Defendant, Dr. William Greenough, was deceased.  (Doc. 41.)  The Court accepts the Marshal's notice as a suggestion of death on the record.

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that:

> [i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Under Rule 25(a)(1), any party may file a motion for substitution, which must be served on all parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Thus, parties may be served by service on their attorney, Fed. R. Civ. P. 5(b), but non-party successors or representatives of the deceased party must be served in the manner provided by Rule 4 for the service of a summons. See Barlow v. Ground, 39 F.3d 231, 232-234 (9th Cir. 1994). Plaintiff shall be granted thirty days in which to file a motion for substitution in compliance with Rule 25(a)(1), or defendant Greenough shall be dismissed from this action.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Court's order to show cause, issued on September 13, 2010, is DISCHARGED;
2. Plaintiff is GRANTED thirty days in which to file a motion for substitution of Defendant Greenough's heirs, pursuant to Rule 25(a)(1); and
3. Plaintiff's failure to file a motion for substitution pursuant to this order shall result in the dismissal of Defendant Greenough from this action.

IT IS SO ORDERED.

Dated:   October 6, 2010                        /s/ Gary S. Austin
                                              UNITED STATES MAGISTRATE JUDGE