# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT F. COLON, | 1:07-cv-00932-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR SUBSTITUTION, WITHOUT PREJUDICE TO RENEWAL OF THE MOTION WITHIN THIRTY DAYS |
| v. | |
| DR. ST. CLAIR, et al., | (Doc. 48.) |
| Defendants. | THIRTY DAY DEADLINE |

## I. BACKGROUND

Gilbert F. Colon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on June 28, 2007. (Doc. 1.) This action now proceeds on Plaintiff's Amended Complaint filed on June 5, 2008, against defendants Sydenstricker, Greenough,[1] Peterson, Thomatos, and Witwer, for inadequate medical care in violation of the Eighth Amendment.[2] (Doc. 13.)

On October 7, 2010, the Court issued an order requiring Plaintiff to file a motion for substitution pursuant to Rule 25(a)(1) within thirty days, or defendant Greenough would be

---

[1] Plaintiff named defendant Dr. Greenbough in the complaint. (Doc. 13.) Corcoran State Prison, where defendant Greenough was employed, refers to him as Dr. William Greenough . (Doc. 41 at 3.) The Court uses the spelling Greenough herein to identify this defendant.

[2] All other claims and defendants were dismissed from this action by the Court on May 27, 2009. (Doc. 16.)

1

1  dismissed from this action.  (Doc. 50.)  After requesting and being granted an extension of time,

2  Plaintiff filed a motion for substitution on November 1, 2010.  (Doc. 54.)

3  **II.     RULE 25(a)(1) – MOTION FOR SUBSTITUTION**

4  Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that:

> [i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Under Rule 25(a)(1), any party may file a motion for substitution, which must be served on all parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons.  Thus, parties may be served by service on their attorney, Fed. R. Civ. P. 5(b), but non-party successors or representatives of the deceased party must be served in the manner provided by Rule 4 for the service of a summons.  See Barlow v. Ground, 39 F.3d 231, 232-234 (9th Cir. 1994).

Plaintiff requests that "substitution for Dr. Greenough be granted and set in motion" to Dr. Greenough's estate or anyone else liable, since Dr. Greenough is now deceased.  (Motion, Doc. 54 at 2:8-11.)  Plaintiff has not provided proof of service of the motion for substitution upon the other parties to this action and the successors or representatives of Dr. Greenough, or their attorneys, as required by Rule 25(a)(1).  Plaintiff is responsible for identifying and finding Dr. Greenough's heirs or representatives and serving them with a copy of the motion for substitution.  Therefore, Plaintiff's motion for substitution shall be denied, without prejudice to renewal of the motion within thirty days.

Plaintiff argues that the State of California and/or Governor Arnold Schwarzenegger should be held liable for Plaintiff's claims against Dr. Greenough.  Government officials, such as Governor Schwarzenegger, may not be held liable under § 1983 for unconstitutional conduct of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009).  As for the State of California, the Eleventh Amendment prohibits federal courts from

hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). Therefore, neither the State of California nor the Governor is liable for Defendant Greenough's alleged conduct in this action.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for substitution, filed on November 1, 2010, is DENIED, without prejudice to renewal of the motion within thirty days from the date of service of this order; and
2. Plaintiff's failure to file a motion for substitution in compliance with Rule 21(a)(1) pursuant to this order shall result in the dismissal of Defendant Greenough from this action.

IT IS SO ORDERED.

Dated:   November 8, 2010              /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE