IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT COLON, | 1:07-cv-00932-AWI-GSA-PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND FOR SANCTIONS |
| vs. | (Doc. 70.) |
| DR. ST. CLAIR, et al., | ORDER COMPELLING PLAINTIFF TO ATTEND AND PARTICIPATE IN HIS DEPOSITION |
| | ORDER GRANTING DEFENDANTS THIRTY DAYS IN WHICH TO FILE MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSE DESCRIBED IN THIS ORDER, IF THEY SO WISH |
| | ORDER FOR DEFENDANTS TO SUBMIT ACCOUNTING TO COURT WITHIN THIRTY DAYS |
| | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (Doc. 72.) |

## I.     RELEVANT PROCEDURAL HISTORY

Gilbert Colon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 28, 2007. (Doc. 1.) This action now proceeds on Plaintiff's Amended Complaint filed on June 5, 2008, against defendants Sydenstricker, Peterson, Thomatos, and Witwer ("Defendants"), for inadequate medical care in violation of the Eighth Amendment. (Doc. 13.)[1]

---

[1] All other claims, and defendants Porter, Grannis, Stogsdill, and St. Clair were dismissed from this action by the court on May 27, 2009, based on Plaintiff's failure to state a claim. (Doc. 16.) On February 10, 2011, defendant Greenough was dismissed from this action by the court's order granting Plaintiff's motion to dismiss defendant Greenough. (Doc. 66.)

1

1    On February 10, 2011, the court issued a Discovery/Scheduling Order establishing deadlines of
2 July 15, 2011 for completion of discovery, including motions to compel, and September 15, 2011 for
3 the filing of pretrial dispositive motions. (Doc. 69.) On June 22, 2011, Defendants filed a motion to
4 compel Plaintiff's deposition, and for sanctions. (Doc. 70.) On July 13, 2011, Plaintiff filed an
5 opposition. (Doc. 72.) Defendants did not file a reply.

6    Defendants' motion to compel and for sanctions is now before the court.

## II.   MOTION TO COMPEL

Defendants move the court for an order compelling Plaintiff to cooperate in discovery and attend and answer questions at his deposition.

### A.   Federal Rules of Civil Procedure 26(b), 30, and 37

Under Rule 26(b), "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Under Rule 30, a party may depose another party by oral questions, and may compel the deponent's attendance by subpoena under Rule 45. Fed. R. Civ. P. 30(a).

Under Rule 37(a), a party propounding discovery may seek an order compelling disclosure or discovery if a deponent fails to answer a question asked during a deposition. Fed. R. Civ. P. 37(a)(3)(B)(1). "An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

### B.   Defendants' Arguments

Defendants argue that the motion to compel should be granted because Plaintiff refused to answer questions at his deposition. Defendants offer evidence that they properly noticed Plaintiff's

2

deposition in this matter to take place on June 22, 2011, yet Plaintiff refused to submit to deposition as he indicated that he was currently seeking an attorney but had been unable to obtain one. On June 8, 2011, Defendants served a Notice of Deposition via Video Conference upon Plaintiff, setting his deposition for June 22, 2011 at 10:00 a.m. at Centinela State Prison in Imperial, California. (Declaration of Kelly A. Yokley, ¶4, See also Exh. A.) On June 22, 2011, Plaintiff appeared at his deposition via video teleconference and immediately indicated he had been attempting to find an attorney and had been unable to. (Id. at ¶5.) Counsel for Defendants asked Plaintiff if he had previously asked the court for counsel, to which Plaintiff first responded yes, eight to nine months ago, then stated maybe a year ago. (Id. at ¶6.) Counsel for Defendants discussed with Plaintiff that the deposition could go forward, unless he was refusing to answer questions, in which case counsel would have to document the same on the record. (Id. at ¶7.) Plaintiff indicated he did not want to be deposed without an attorney, and this was then stated by Plaintiff on the record. (Id. at ¶8.)

Defendants argue that they are entitled to ask Plaintiff questions about the facts surrounding the basic allegations contained in his Complaint, and they need the factual background in order to provide a defense.

### C.     Plaintiff's Opposition

Plaintiff responds that it was Defendants' counsel who caused him to refuse to answer questions at the deposition without legal counsel present. (Declaration of Colon, Doc. 72 at 2:5-7.) Plaintiff claims that he was not unwilling to answer questions until Defendants' counsel asked him if he had previously asked the court for counsel. (Id at 2:18-20.) Plaintiff asserts that his "mind altering" methadone prescription medication caused him to answer "not really" in response to whether any circumstances had changed since he previously requested counsel. (Id. at 2:22-26.) Plaintiff also requests appointment of counsel.

### E.     Discussion

Plaintiff admits that he appeared at his deposition on June 22, 2011 and refused to answer questions. Plaintiff's argument that Defendants' counsel caused him to decide not to answer questions is unavailing, and the court finds it implausible that Plaintiff's medication caused him to say "not really." In short, Plaintiff offers no reasonable defense for his behavior at the deposition. Therefore, Defendants'

3

motion to compel shall be granted. Should Defendants seek to depose Plaintiff again in this action, Plaintiff shall be required to attend the deposition and cooperate in discovery by answering the questions posed to him, to the best of his knowledge. Plaintiff's status as a pro se litigant is not cause for refusing to participate in his deposition.

Discovery is now closed in this action and must be reopened before Defendants may schedule Plaintiff's deposition. Defendants shall be granted thirty days in which to file a motion to reopen discovery, if they so wish, for the limited purpose of taking Plaintiff's deposition.

### III.     MOTION FOR SANCTIONS

Defendants seek sanctions against Plaintiff for his refusal to participate in his deposition, up to and including dismissal, pursuant to Federal Rule of Civil Procedure 37.

####     A.     Monetary Sanctions

Rule 37(a)(5)(A) provides:

> "If [a] motion [to compel] is granted– or if the disclosure or requested discovery is provided after the motion was filed– the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i)     the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii)   other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(5)(A).

Rule 37(d) provides that sanctions may be imposed, even in the absence of a prior court order, if a party fails to appear for deposition. Fed. R. Civ. P. 37(d)(1)(A)(i).

Defendants argue that Plaintiff should be assessed the expenses and attorney's fees for the deposition, because Plaintiff was not justified in refusing to participate in his deposition without counsel. Defendants argue that it should be clear to Plaintiff, after two attempts to obtain counsel, that Plaintiff is not going to obtain counsel from the court without a change in his circumstances.

///

Plaintiff objects to Defendants' request for monetary sanctions and argues that Defendants' counsel is wasting the court's time and "drumming up business [by] filing [m]otion[]s." (Declaration of Colon, Doc. 72 at 3:3-4.)

In light of the fact that the court has granted Defendants' motion to compel, the court finds that Defendants are entitled under Rule 37(a)(5)(A) to their costs and attorney's fees for the preparation of the instant motion to compel. However, Defendants are not entitled, under Rule 37(d)(1)(A)(i), to their expenses and attorney's fees for the deposition, because Plaintiff appeared at the deposition. Within thirty days, Defendants shall submit to the court an accounting of the costs and attorney fees incurred for preparation of the motion to compel. The monetary award shall be deducted from Plaintiff's damages award if he is successful at trial, or shall be assessed as part of Defendants' costs if they prevail at trial.

### B. Terminating Sanctions

"Where the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith." Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir. 1993); Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." Henry, 983 F.2d at 948 (quoting Fjelstad, 762 F.2d at 1341.) To determine whether to impose a severe sanction of dismissal or default, a court considers:

1. The public's interest in expeditious resolution of litigation;
2. The court's need to manage its docket;
3. The risk of prejudice to the party seeking sanctions;
4. The public policy favoring disposition of cases on their merits; and
5. The availability of less drastic sanctions.

Valley Engineers, Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998); In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996); Henry, 983 F.2d at 948; United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988); Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112 (1986). "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the

discovery violations 'threaten to interfere with the rightful decision of the case.'" Valley Engineers, 158 F.3d at 1057 (quoting Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1019 (1991)).

Mindful that Plaintiff is not an attorney and is not well versed in the law, the court cannot find that Plaintiff acted in bad faith or willful non-compliance. However, the court finds Plaintiff at fault for refusing to answer questions at his deposition. Nonetheless, Plaintiff's behavior in this case does not warrant the severe sanction of dismissal. The court finds monetary sanctions to be a sufficient lesser alternative.

## IV.    PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests appointment of counsel. Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel shall be denied, without prejudice.

## V. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to compel and for sanctions, filed on June 22, 2011, is GRANTED;
2. Should Defendants seek to depose Plaintiff again in this action, Plaintiff is required to attend the deposition and cooperate in discovery by answering the questions posed to him, to the best of his knowledge;
3. Defendants are granted thirty days from the date of service of this order in which to file a motion to reopen discovery, if they so wish, for the limited purpose of taking Plaintiff's deposition;
4. Plaintiff shall be assessed Defendants' reasonable expenses and attorney fees incurred for preparation of their motion to compel, and the monetary award shall be deducted from Plaintiff's damages award if he is successful at trial, or assessed as part of Defendants' costs if they prevail at trial;
5. Within thirty days of the date of service of this order, Defendants shall submit to the court an accounting of the expenses and attorney fees incurred for preparation of their motion to compel;
6. Plaintiff's motion for appointment of counsel is DENIED, without prejudice; and
7. Plaintiff's failure to comply with this order may result in the imposition of further sanctions deemed appropriate by this court, up to and including dismissal of this action.

IT IS SO ORDERED.

**Dated:   February 8, 2012**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE