# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT COLON, | 1:07-cv-00932-AWI-GSA-PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO REOPEN DISCOVERY (Doc. 87.) |
| v. | ORDER REOPENING DISCOVERY, FOR LIMITED PURPOSE DESCRIBED IN THIS ORDER |
| DR. ST. CLAIR, et al., | |
| Defendants. | ORDER HOLDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN ABEYANCE PENDING EXPIRATION OF NEW DEADLINES (Doc. 74.) |
| | **New Discovery Deadline - 05-31-2012** |
| | **New Dispositive Motions Deadline - 07-31-2012** |

## I. BACKGROUND

Plaintiff Gilbert Colon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 28, 2007. (Doc. 1.) This action now proceeds on Plaintiff's Amended Complaint filed on June 5, 2008, against defendants Sydenstricker, Peterson, Thomatos, and Witwer ("Defendants"), for inadequate medical care in violation of the Eighth Amendment. (Doc. 13.)[1]

---

[1] All other claims, and defendants Porter, Grannis, Stogsdill, and St. Clair, were dismissed from this action by the court on May 27, 2009, based on Plaintiff's failure to state a claim. (Doc. 16.) On February 10, 2011, defendant Greenough was dismissed from this action by the court's order granting Plaintiff's motion to dismiss defendant Greenough. (Doc. 66.)

1

1    On February 10, 2011, the court issued a Discovery/Scheduling Order establishing deadlines
2 of July 15, 2011 for completion of discovery, including motions to compel, and September 15, 2011
3 for the filing of pretrial dispositive motions. (Doc. 69.) On June 22, 2011, Defendants filed a
4 motion to compel Plaintiff to participate in his deposition, after Plaintiff had appeared at his
5 deposition and refused to answer questions. (Doc. 70.) On September 15, 2011, Defendants filed
6 a motion for summary judgment. (Doc. 74.) On February 8, 2012, the court granted Defendants'
7 motion to compel, requiring Plaintiff to attend and participate in his deposition. (Doc. 84.) On
8 March 9, 2012, Defendants filed a motion to reopen discovery for the limited purpose of taking
9 Plaintiff's deposition. (Doc. 87.)

## II.    MOTION TO REOPEN DISCOVERY

A court may modify a scheduling order for good cause. Fed. R. Civ. P 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id.

Defendants move the court to reopen discovery for the limited purpose of taking Plaintiff's deposition. Defendants argue that the discovery phase in this action should be reopened to take Plaintiff's deposition, because Plaintiff refused to participate in his deposition set within the original discovery period, and Defendants are entitled to ask Plaintiff questions about the facts surrounding the basic allegations contained in the Complaint.

Defendants have shown good cause to reopen discovery. Defendants have demonstrated that even with due diligence, they were unable to take Plaintiff's deposition during the original discovery period established by the court's Scheduling Order. Defendants are entitled to take Plaintiff's deposition at this juncture. Therefore, Defendants' motion shall be granted, and discovery shall be reopened for the limited purpose of taking Plaintiff's deposition. The deadline for filing pretrial dispositive motions shall also be extended. Further, in light of the extension of the court's deadlines, Defendants' motion for summary judgment, filed on September 15, 2011, shall be held in abeyance pending expiration of the new deadlines.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to reopen discovery, filed on March 9, 2012, is GRANTED;
2. Discovery is now reopened, for the limited purpose of scheduling and taking Plaintiff's deposition;
3. The new deadline for the completion of this limited discovery, including filing of motions to compel, is **May 31, 2012**;
4. The deadline for all parties in this action to file pretrial dispositive motions is extended to **July 31, 2012**;
5. All other provisions of the court's Discovery/Scheduling Order entered on February 10, 2011, remain the same; and
6. Defendant's motion for summary judgment, filed on September 15, 2011, is HELD IN ABEYANCE pending the expiration of the court's new deadlines.

IT IS SO ORDERED.

Dated:   March 21, 2012                       /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE