# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT COLON, | 1:07-cv-00932-AWI-GSA-PC |
| Plaintiff, | ORDER GRANTING IN PART DEFENDANTS' REQUEST (Doc. 93.) |
| v. | ORDER GRANTING REQUEST FOR SUPPLEMENTAL BRIEFING SCHEDULE |
| DR. ST. CLAIR, et al., | ORDER PERMITTING PLAINTIFF OPPORTUNITY TO WITHDRAW OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND FILE AMENDED OPPOSITION IN LIGHT OF SEPARATELY-ISSUED SUMMARY JUDGMENT NOTICE |
| Defendants. | |
| | THIRTY-DAY DEADLINE |
| | ORDER DENYING REQUEST TO REINSTATE MOTION FOR SUMMARY JUDGMENT, UNTIL AFTER TIME IS ALLOWED FOR AMENDMENT OF OPPOSITION AND REPLY |

## I. RELEVANT PROCEDURAL HISTORY

Gilbert Colon ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 28, 2007. (Doc. 1.) This action now proceeds on Plaintiff's Amended Complaint filed on June 5, 2008, against defendants Sydenstricker, Peterson, Thomatos, and Witwer ("Defendants"), for inadequate medical care in violation of the Eighth Amendment. (Doc. 13.)[1]

---

[1] All other claims, and defendants Porter, Grannis, Stogsdill, and St. Clair, were dismissed from this action by the court on May 27, 2009, based on Plaintiff's failure to state a claim. (Doc. 16.) On February 10, 2011, defendant Greenough was dismissed from this action by the court's order granting Plaintiff's motion to dismiss defendant Greenough. (Doc. 66.)

1

1   On September 15, 2011, Defendants filed a motion for summary judgment, and on March
2   14, 2012, Plaintiff filed an opposition to the motion. (Docs. 74, 90.) On March 21, 2012, the Court
3   entered an order granting Defendants' motion to reopen discovery for limited purpose, establishing
4   a deadline of May 31, 2012 for completion of discovery, and establishing a deadline of July 31, 2012
5   for the filing of pretrial dispositive motions. (Doc. 91.) The Court's order also held Defendants'
6   motion for summary judgment in abeyance pending the expiration of the new deadlines. Id.

7   On July 31, 2012, Defendants filed a request to reinstate their motion for summary judgment,
8   and a request for a supplemental briefing schedule in light of the Ninth Circuit's new notice
9   requirement. (Doc. 93.)

## II.   DEFENDANTS' REQUESTS

### A.   Request for Supplemental Briefing Schedule

Defendants request that, in light of the Ninth Circuit's new notice requirement, Plaintiff be allowed to file a supplemental opposition to Defendants' motion for summary judgment, or stand on the opposition previously filed. Defendants also request that they be allowed to file a reply brief to the opposition or supplemental opposition.

Further, Defendants suggest that the Court should strike Plaintiff's opposition filed on March 14, 2012, pursuant to Local Rule 13(b) and Fed. R. Civ. P. 11(a), because the document is not signed or dated.

**Discussion**

The Court finds no grounds to strike Plaintiff's opposition for lack of signature. Defendants state that the document is not signed or dated. (Doc. 93 at 2:2.) However, Plaintiff's signature, dated March 9, 2012, appears on pages 6 and 151 of the opposition, which the Court finds sufficient.[2] (Doc. 90 at 6, 151.)

Defendants' request for a supplemental briefing schedule shall be granted. In a recent decision in Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012), the Ninth Circuit held that Plaintiff must be provided with "fair notice" of the requirements for opposing a motion for summary

---

[2] The Court uses the pagination designated by the electronic filing system on the Court's docket.

2

judgment at the time the motion is brought. The notice given by the Court in this case some three years prior does not suffice. (Doc. 21.) Therefore, on July 10, 2012, the Court re-served the Second Informational Order, which contains the requisite summary judgment notice, upon Plaintiff. (Doc. 92.) In light of the Woods decision, good cause exists for Plaintiff to be allowed to withdraw his opposition to the motion for summary judgment and file an amended opposition, and for Defendants to be allowed to file a reply. The Court shall again provide the requisite notice by separate order entitled "Amended Second Informational Order -- Notice and Warning of Requirements for Opposing Defendants' Summary Judgment Motion," issued concurrently with this order. Plaintiff shall have two options upon receipt of the notice and this order. Plaintiff may either (1) stand on his previously-filed opposition or (2) withdraw it and file an amended opposition. The Court will not consider multiple oppositions. Plaintiff's amended opposition, if any, must be complete in itself and may not refer back to the prior opposition.[3] If Plaintiff files an amended opposition, Defendants shall be allowed to file a reply within fifteen days of the date the amended opposition is filed. If Plaintiff chooses not to file an amended opposition, and instead chooses to stand on his previously-filed opposition, Defendants shall be allowed to file a reply to Plaintiff's previously-filed opposition, within fifteen days of the deadline for Plaintiff to file an amended opposition.

### B.    Request to Reinstate Motion

Defendants request that their motion for summary judgment, which the Court's order of March 21, 2012 held in abeyance pending the expiration of the July 31, 2012 deadline to file dispositive motions, be reinstated on the Court's calendar.

### Discussion

As discussed above, Defendants' motion for summary judgment shall proceed pursuant to the supplemental briefing schedule established by this order. However, in light of 28 U.S.C. § 476(a)(1), the Civil Justice Reform Act, Defendants' motion for summary judgment shall not be reinstated on

---

[3]Local Rule 220 provides, in part, "Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superceded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading."

the Court's calendar until the time has expired for Plaintiff to file an amended opposition and for Defendants to reply, and the motion is deemed submitted pursuant to Local Rule 230(l). Therefore Defendants' request for reinstatement at this stage of the proceedings shall be denied.

### III.   CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Defendants' request, filed on July 31, 2012, is GRANTED in part;
2. Plaintiff may, within **thirty (30) days** from the date of service of this order, withdraw his opposition to the motion for summary judgment and file an amended opposition;
3. If Plaintiff does not file an amended opposition in response to this order, his existing opposition will be considered in resolving Defendants' motion for summary judgment;
4. If Plaintiff elects to file an amended opposition, Defendants may file a reply within fifteen days of the date the amended opposition is filed;
5. If Plaintiff elects to stand on his previously-filed opposition, Defendants may file a reply within fifteen days of the deadline for Plaintiff to file an amended opposition;
6. Defendants' request to reinstate the motion for summary judgment on the Court's calendar is DENIED.

IT IS SO ORDERED.

Dated:   **August 23, 2012**              /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE